LEONARD, J.—I concur in the above opinion. The case of Curtis a. Leavitt (15 *N. Y.*, 9), opinions of Justices Comstock·(85), Brown (152, 153), and Selden (254), are directly in point, and in my opinion is entirely conclusive, as authority in support of the plaintiff's action herein.

---

## WHITEHOUSE a. MOORE.

*New York Superior Court; Special Term, October*, 1861.

### PLEADING.—CUSTOMS OF BROKERS.

One who employs a broker is presumed to deal with reference to the customs of brokers, whether known to him or not. In a complaint by a broker against his principal, it is therefore unnecessary to allege that the latter knew of the existence of a custom on which the action is founded.

If the Statute of Frauds applies to the employment of an agent to purchase property, the payment of part of the price by the principal to the agent would take the contract out of the statute.

The complaint in this action, omitting some merely formal parts, was as follows :

I. That the plaintiffs are partners, doing business in the city of New York as bankers and brokers, under the firm-name of " E. Whitehouse, Son, & Morison."*

II. That as stockbrokers, on or about the 20th day of October, 1860, they purchased for and on account of the defendant, and at his request, the following stocks [naming the stocks and prices], said stocks to be paid for by the defendant at the expiration of thirty days from the day of purchase, with the right to the defendant to pay for said stocks at any time before the expiration of said thirty days, should he so elect.

---

* This is a material averment in this action. (See Hearne a. Keene, 5 *Bosw.*, 584.)

III. That according to the customs of brokers in such cases,* the plaintiffs purchased the said stocks in their own names, without disclosing the name of their principal, the defendant herein.

IV. That on or about the 20th day of October, 1860, the defendant paid to the plaintiffs, on account of the said purchases of stock, two thousand dollars.

V. That at the expiration of the said thirty days, the defendant having failed to pay the balance due for said stocks, the plaintiffs, being liable therefor, paid for the same, and to reimburse themselves did, in accordance with the customs of brokers in such cases, without notice to or demand upon the defendant, or a tender to him of said stocks, sell the same on his account at [stating the prices, which were $9,950 below cost].

VI. That there is now due and payable to the plaintiffs from the defendant, on account of the said purchase of stock, the sum of $7,950, together with the sum of one hundred dollars for commission for the purchase and sale of said stocks.

[Demand of judgment.]

To this complaint the defendant demurred, on the ground that it stated no cause of action. (*Code*, § 144, subd. 6.)

*C. A. Hand*, for the defendant.—I. None of the material facts are stated issuably, but all in an inferential form. The Code does not permit such laxity of pleading upon a special contract. (Royce *a.* Brown, 7 *Barb.*, 80; see Graham *a.* Machado, 6 *Duer.*, 514.) The rules of pleading laid down in Allen *a.* Patterson (7 *N. Y.* (3 *Seld.*), 476), are not applicable to special contracts. (See Moffatt *a.* Sackett, 18 *N. Y.*, 522.)

II. The want of demand and tender is fatal. (Merwin *a.* Hamilton, 6 *Duer.*, 248; Lester *a.* Jewett, 11 *N. Y.* (1 *Kern.*), 453; Kelly *a.* Upton, 5 *Duer*, 336; Clark *a.* Meigs, 12 *Abbotts' Pr.*, 267.)

III. The clause suggesting a custom does not aid the defect. 1. Such a custom is void, as contrary to the rules of law.

---

* Though this averment might perhaps have been corrected by motion to require the nature of the custom to be set forth, it is sufficient upon demurrer. (See Brown *a.* Richardson, 20 *N. Y.*, 472; Prindle *a.* Caruthers, 15 *N. Y.*, 431.) So also of the statement of the claim for commission, in paragraph VI. (Graham *a.* Camman, 13 *How. Pr.*, 360; 5 *Duer*, 697; see Richards *a.* Edick, 17 *Barb.*, 260.)

(Wadsworth *a.* Olcott, 6 *N. Y.* (2 *Seld.*), 72; Merchants' Bank *a.* Woodruff, 6 *Hill*, 174; 25 *Wend.*, 673; Suydam *a.* Clark, 2 *Sandf.*, 133; Hinton *a.* Locke, 5 *Hill*, 437; Thompson *a.* Ashton, 14 *Johns.*, 316.) 2. The custom is not issuably averred. The law demands especial accuracy in pleading a custom. (1 *Saund. Pl. & Ev.*, tit. *Custom.*) The place where the custom prevails is not stated. It might be a foreign custom.

IV. The complaint should allege that the agreement was made in writing, as it would otherwise be void. (Thurman *a.* Stevens, 2 *Duer*, 609; Le Roy *a.* Shaw, *Ib.*, 626; see Merwin *a.* Hamilton, 6 *Ib.*, 248.)

*Wheeler & Armstrong* for the plaintiffs.—I. The complaint is sufficient. It alleges all that need be proved. (Allen *a.* Patterson, 7 *N. Y.* (3 *Seld.*), 478.)

II. It shows the employment of the plaintiffs as agents. This might be done orally. (*Story on Agency*, §§ 54, 84; 2 *Kent's Com.*, 614.) Such employment, being commercial, involves the idea of compensation. (*Story on Agency*, § 326; 1 *Am. Lead. Cas.*, 694.)

III. The principal must reimburse his agent for his outlay. (Ramsay *a.* Goddard, 11 *Johns.*, 439; Green *a.* Goddard, 9 *Metc.*, 222; Powell *a.* Newburgh, 19 *Johns.*, 284; *Story,* § 339; 1 *Am. Lead. Cas.*, 691.)

IV. A person dealing with a broker is presumed to deal with reference to the customs of brokers. (Horton *a.* Morgan, 19 *N. Y.*, 170; 6 *Duer*, 56; Bayliffe *a.* Butterworth, 1 *Exch.*, 425; *Story*, § 96.) And this is so, even though the custom is not known to such person. (Pollock *a.* Stables, 12 *Q. B.*, 675; see Sutton *a.* Tatham, 10 *Ad. & El.*, 27; *Story,* § 96; Mitchell *a.* Newhall, 15 *M. & W.*, 308.)

V. No demand needed to be made before suit. (Burnham *a.* Allen, 1 *Gray*, 499; Lent *a.* Padelford, 10 *Mass.*, 239; Ernst *a.* Bartle, 1 *Johns. Cas.*, 319; see Second Av. R. R. Co. *a.* Coleman, 24 *Barb.*, 300.)

HOFFMAN, J.—The defendant employed the plaintiffs, as his brokers and agents, to purchase certain stocks, and advanced to them $2,000 on account. The plaintiffs having made the purchase, were compelled to pay the whole amount, and the de-

fendant having failed to pay the balance due, they did in accordance with the custom of brokers in such cases, without notice to or demand upon the defendant, or tender of the stocks, sell the same at certain prices. They sue for the difference and commissions, &c.

Merwin a. Hamilton (6 *Duer*, 249) is a full and decisive authority in support of the demurrer to this complaint, unless the allegation of the custom prevents its application.

The omission to aver that the defendant had knowledge of the custom, appeared to me at first a clear objection to the complaint. But the authorities cited by counsel, particularly that of Pollock a. Stables (12 *Q. B.*, 765), are decisive as to the English rule, and I do not find that it has been ruled with us that knowledge is necessary. It existed in Horton a. Morgan (6 *Duer*, 56), but it is not relied upon as essential.

If the Statute of Frauds does apply to such a case, I think the payment of the $2,000 by the defendant prevents its application.

Demurrer overruled, with liberty to answer.